Rondal-Guaman v. Blanche

BIA
Ling, IJ
A220 193 732/391/493

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT:
>  JON O. NEWMAN,
>  MICHAEL H. PARK,
>  WILLIAM J. NARDINI,
>  *Circuit Judges.*

_____

SARA ABIGAIL RONDAL-GUAMAN,
E.F.A-R, M.A.A-R,
>  *Petitioners,*

>  v.

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
>  *Respondent.**

23-7782
NAC

_____

* We use only initials to refer to the minor petitioners in this publicly accessible order,

_____

FOR PETITIONERS:              Nicholas J. Mundy, Esq., Brooklyn, NY.

FOR RESPONDENT:               Brian Boynton, Principal Deputy Assistant
                              Attorney General; Cindy S. Ferrier, Assistant
                              Director; Sarai M. Aldana, Trial Attorney,
                              Office of Immigration Litigation, Civil
                              Division, United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Sara Abigail Rondal-Guaman and her two minor children,

natives and citizens of Ecuador, seek review of an October 30, 2023, decision of the

BIA affirming a January 4, 2023, decision of an Immigration Judge ("IJ") denying

Rondal-Guaman's application for asylum and withholding of removal.  *In re Sara*

*Abigail Rondal-Guaman, et al.*, Nos. A220 193 732/391/493 (B.I.A. Oct. 30, 2023),

*aff'g* Nos. A220 193 732/391/493 (Immig. Ct. N.Y. City Jan. 4, 2023).  We assume the

parties' familiarity with the underlying facts and procedural history.

---

consistent with Fed. R. Civ. P. 5.2(a)(3) and Fed. R. App. P. 25(a)(5).  The Clerk of Court is
respectfully directed to amend the caption as set forth above.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## I.    Asylum and Withholding of Removal

To start, Rondal-Guaman has abandoned review of the agency's denial of asylum and withholding of removal. Where, as here, the alleged persecutors are private actors, the applicant must show that the government was or will be "unable or unwilling to control" them; this means that the applicant must show "that government authorities . . . condoned [the conduct] or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted). The BIA found that Rondal-Guaman waived review of the IJ's unable-or-unwilling-to-protect finding. Therefore, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). Rondal-Guaman does not challenge the waiver finding, which is dispositive of asylum and withholding of removal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Singh*, 11 F.4th at 114–15. Thus, she

has forfeited a challenge to the agency's denial of asylum and withholding of removal.

## II. Motion to Remand

Next, we review the denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156–57 (2d Cir. 2005). An abuse of discretion may be found if the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. Thus, the BIA may deny remand if "the movant has not established a prima facie case for the underlying substantive relief sought" or "has not introduced previously unavailable, material evidence." *INS v. Abudu*, 485 U.S. 94, 104–05 (1988). Moreover, the BIA will not remand "unless the movant has met the heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao*, 421 F.3d at 156 (quotation marks omitted).

4

Before the BIA, Rondal-Guaman requested remand for consideration of a new "affidavit," in which she stated that her former partner, Anhill, had physically and verbally abused her. The BIA did not abuse its discretion by denying the motion because the evidence was not new. *See Abudu*, 485 U.S. at 104–05. It did not reflect any specific fact about Anhill's conduct that was not previously known. Moreover, even if the evidence was new, Rondal-Guaman did not show that it would change the outcome. *See Li Yong Cao*, 421 F.3d at 156. The new claim conflicted with her testimony at the hearing: before the IJ, Rondal-Guaman alleged past persecution in Ecuador based on two assaults by Anhill's new girlfriend Liliana, and when the IJ asked about abuse by Anhill, she testified that he had never physically abused her or threatened her. She did not identify a nexus to a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (holding that "random violence" and "general crime conditions" are not grounds for asylum). And there was no basis for a fear of future persecution given her testimony that Anhill was in the United States (and thus would not be a danger to her in Ecuador).

5

### III. Due Process

Rondal-Guaman also argues that she was denied a full and fair hearing given her pro se status because the IJ ignored her request for more time to find an attorney, was biased and failed to act as a neutral arbiter, failed to develop the record regarding Anhill's abuse, and failed to help her articulate a particular social group for asylum and withholding of removal. We review a due process claim de novo. *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). To establish a due process violation, Rondal-Guaman had to show that she was deprived of a "full and fair opportunity" to present her case, *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted), and suffered prejudice, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

First, the IJ did not err in proceeding with the merits hearing after having informed Rondal-Guaman of her right to seek counsel, offered her a list of pro bono legal organizations, informed her of the one-year deadline for asylum claims, recommended that she apply for Special Immigrant Juvenile Status for her children, and granted four continuances. Thus, the IJ fulfilled the regulatory requirements. *See* 8 C.F.R. § 1240.10 (requiring IJ to advise noncitizens of right to counsel and availability of pro bono legal services).

6

Second, the IJ did not fail to develop the record or show bias in questioning Rondal-Guaman at the merits hearing. Rondal-Guaman expressed a fear of returning to Ecuador and the IJ asked specific questions to elicit why she feared Liliana and what Liliana did to her and her children in Ecuador. The IJ also specifically asked Rondal-Guaman whether Anhill physically harmed or threatened her, and she responded "no" to both questions, stating that sometimes he screamed at her. The IJ was not required to ask the same questions again to elicit a different response. *See Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) (explaining that IJ "has an obligation to establish and develop the record," but also "has a responsibility to function as a neutral, impartial arbiter and must be careful to refrain from assuming the role of advocate for either party").

Finally, Rondal-Guaman does not explain how she was prejudiced. She does not articulate a specific particular social group, instead generally referencing family and domestic violence, or explain how any past abuse would be on account of membership in a group. She therefore has not shown the requisite prejudice for a due process claim. *See Garcia-Villeda*, 531 F.3d at 149 (requiring "some cognizable prejudice fairly attributable to the challenged process" (quotation marks omitted)).

7

## IV. Competency

For the first time, Rondal-Guaman argues that the IJ "should perhaps have held a competency hearing pursuant to *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011)." Petitioners' Br. at 22–23. She argues that "when the issue of domestic violence and spousal abuse was brought up, the crux of her claim, she was indirect, unresponsive, and/or demonstrated a lack of understanding or ability to respond" and "provided responses to questions that were in direct contradiction of her written statements with no explanation . . . , thus showing a lack of understanding of the nature of the proceedings." *Id.* at 24. She contends that the IJ erred by failing to question her about her competency or inquire about her mental health.

As the Government points out, this claim is unexhausted because Rondal-Guaman did not raise it in her counseled appeal to the BIA. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory where the Government raises it). And even if we could reach it, the record does not reveal

8

indicia of incompetency. "[A]n alien is presumed to be competent to participate in removal proceedings," and "[a]bsent indicia of mental incompetency," an IJ has no obligation to analyze competency. *Matter of M-A-M-*, 25 I. & N. Dec. at 477. The record does not indicate that Rondal-Guaman did not understand the nature of the proceedings or did not have a reasonable opportunity to examine and present evidence because of her experience with domestic violence. She initially stated that she did not understand the Notice to Appear, but confirmed that she understood the IJ's explanation that it set forth the reasons for removability. She stated that she understood the IJ's instruction to speak up if she did not understand a question. She was then responsive to the IJ's questions about why she feared returning to Ecuador. And she answered factual questions and advocated for extensions to find an attorney. In other words, there was no indication that she was confused or unable to answer the IJ's questions. *Id.* at 477, 479; *see, e.g., Sahin v. Bondi*, No. 23-8043, 2025 WL 2618924, at *2 (2d Cir. Sept. 11, 2025) (summary order) (finding no indicia of incompetency warranting further measures where petitioner answered IJ's questions and otherwise seemed to understand proceedings).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10